UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA


XI CHEN,
A 73 134 421                                                      Civil Action No.

    Petitioner/Plaintiff,

  VS.

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security;
425 I Street, NW
Washington, DC 20536

JULIE L. MYERS,
Assistant Secretary, Immigration and Customs Enforcement;
801 I St, NW, Suite 900
Washington, DC 20536

JOHN P. TORRES,
Acting Director, Office of Detention and Removal,
801 I St, NW, Suite 900
Washington, DC 20536

MARY LOISELLE,
Field Office Director,
Washington Office of Detention and Removal,
2675 Prosperity Avenue
Fairfax, Virginia 22031
                  **Respondents/Defendants**


**PETITION FOR A WRIT OF HABEAS CORPUS AND
COMPLAINT FOR DECLARATORY RELIEF
(WITH TEMPORARY RESTRAINING ORDER)**


**PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY RELIEF**

PETITIONER/PLAINTIFF (hereinafter "Petitioner"), Xi Chen, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review the unlawful detention by the Immigration and Customs Enforcement and to enjoin his removal from the United States. Petitioner also files this action for declaratory relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In

support of this petition, Petitioners allege as follows:

## CUSTODY

1. Xi Chen was taken into the custody of the Department of Homeland Security, Immigration and Customs Enforcement at its Washington District Office located at 2675 Prosperity Avenue, Fairfax, Virginia 22031 on April 10, 2006.

## EXHAUSTION

2. Xi Chen has exhausted his administrative remedies and his only remedy is by way of this judicial action. The Immigration and Nationality Act requires exhaustion of administrative remedies only where an alien seeks judicial review of an actual order of removal, not review of a custody decision. Accordingly, the petitioner has exhausted his administrative remedies.

3. No petition for a writ of habeas corpus, or any other request for judicial review, has previously been filed in any court to review the restrain complained of herein.

## JURISDICTION

4. This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the INA), 8 USC §1101 *et. seq.*, and the Administrative Procedure Act (the APA), 5 USC *et. seq.* This Court has habeas corpus jurisdiction pursuant to 28 USC §2241 *et. seq.*; *Henderson v. Reno*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub. nom. Reno v. Navas*, March 8, 1999; Art. I, §9, Cl. 2 of the United States Constitution (the Suspense Clause); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC §1331 and may grant relief pursuant to the Declaratory Judgment Act, 28 USC §2201 *et. seq.*, and the All Writs Act, 28 USC §1651. Finally, this Court has mandamus jurisdiction pursuant to 28 USC §1361.

## VENUE

5. Venue lies in the United States District Court for the District of Columbia, the judicial district in which Secretary of the Department of Homeland Security, governing agency of respondents Immigration and Customs Enforcement, Office of Detention and Removal, and Field Office Director Washington Office of Detention and Removal, reside. 28 U.S.C. §1391(e).

## PARTY

6.      Xi Chen is a 30 year-old, native citizen of China, who first entered the United States as an illegal entry in 1994. He married Sze Cheng, who is now a lawful permanent resident, in December 1998.

7.      The Respondent/Defendant (hereinafter "Respondent"), Mary Loiselle, is the Detention and Removal, Field Office Director of the Washington District. As such, she is the Department of Homeland Security, Immigration and Customs Enforcement's designate for the Washington District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the Office of Detention and Removal. The Washington district encompasses Fairfax, Virginia, within which is found the Removal and Detention Office at 2675 Prosperity Avenue, Fairfax, Virginia. Ms. Loiselle is unlawfully restraining the Petitioner.

## FACTS

8.      Xi Chen is a 30 year-old, native citizen of China. He was born on June 20, 1975 and he entered the United States as an illegal entry, on or about August 11, 1994. He was served a Form-122, and release in the custody of himself. Mr. Chen appeared for an Exclusion Hearing before an Immigration Judge on September 20, 1994 and was ordered excluded. In December 1998, Mr. Chen married Sze Cheng who later filed a Form ETA 750, Application for Alien Employment Certification, with a priority date of March 14, 2001. Mrs. Cheng's ETA 750 was certified and an I-140, Immigrant Petition for Alien Worker, was subsequently filed on her behalf. Upon approval of the I-140, Mrs. Cheng filed an I-485, Application to Adjust to Permanent Resident Status, with her husband as a derivative beneficiary along with the penalty fee for INA section 245(i) relief. Mrs. Cheng's permanent resident status was approved on April 14, 2004.

9.      The Immigration and Customs Enforcement, Office of Detention and Removal alleges that the petitioner is under a final order of removal, however it is my understanding that someone who is in exclusion proceedings or was ordered excluded is still eligible for adjustment of status based on INA section 245(i). The CFR Title 8 section 245.1(b) does not prohibit adjustment of status through

Section 245(i)) of the INA for anyone in exclusion proceedings or one who was ordered excluded. This legal argument was concurred by Acting Branch Chief Michael W. Straus of legacy INS Central Office in April 17, 1996.

10. Mr. Chen is the derivative beneficiary of a lawful permanent resident and is eligible for relief in accordance with section 245(i) of the INA.

## RIGHT TO JUDICIAL INTERVENTION

11. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

12. The Petitioner is also entitled to have his restraint on liberty by the Respondent reviewed under the common law and as a matter of constitutional right. The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

13. In the present action, the petitioner asserts that his restraint and removal by the Respondent is in violation of the Constitution, the INA, and the APA.

## COUNT ONE

(Substantive Due Process Violation)

14. The allegations contained in paragraphs 1 through 13 above are repeated and re-alleged as though fully set forth herein.

15. As an alien in the United States, the petitioner is protected by the Due Process Clause of the United States Constitution, which requires that aliens threatened with deportation are provided a right to a full and fair hearing. The Respondent is retraining and intends to remove the Petitioner without affording them an opportunity to appear before an Immigration Judge.

16. Detention that is mandatory without the possibility of release when INA section 245(i)

provides Mr. Chen with a legal remedy interferes with rights implicit in the concept of ordered liberty and shocks the conscience. Hence, the Respondent's conduct is unconstitutional because it violates petitioners' substantive due process guaranteed by the Due Process Clause of the Fifth Amendment.

## COUNT TWO

(Procedural Due Process Violation)

17. The allegations contained in paragraphs 1 through 16 above are repeated and re-alleged as though fully set forth herein.

18. The Petitioner has been restrained for approximately five days. He has demonstrated to the Respondent that he has complied with the mandates of INA Section 245(i), however, the Respondent refuses to release him.

19. Because the Petitioner can still demonstrate his suitability for release if he were given the opportunity, the Respondent's conduct is unfair. If deprives him of the right to present evidence on his behalf. Consequently, the Respondent's conduct violates Petitioners' procedural due process which is guaranteed by the Due Process Clause of the Fifth Amendment.

## IRREPARABLE HARM

20. The Respondent's conduct is depriving Xi Chen of his liberty without providing them due process of law. The deprivation of his liberty is, in and of itself, irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(1) (a) Issue a writ of habeas corpus, directed to the Respondent, ordering his to release immediately.

(b) Issue an Order declaring that the Respondent's conduct is unconstitutional and illegal for the following reasons:

(1) because it violates the Petitioner's substantive due process rights under the Due Process Clause of the Fifth Amendment to the United States Constitution;

(2) because it violates the Petitioner's procedural due process rights under

the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

    (2)    Issue an order directing the Respondent not to remove Xi Chen from United States.

    (3)    Award to Regina Y. Kane costs and reasonable attorneys fees.

    (4)    Grant any other and further relief that this Honorable Court may deem fit and proper.


Dated: Washington, D.C
       April 14, 2006

                                          Respectfully submitted,

                       By:   _____
                            Regina Y. Kane
                            1717 K Street, N.W., Suite 600
                            Washington, D.D.  20036


## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA


**XI CHEN,**
**A 73 134 421**                                                     **Civil Action No.**

    **Petitioner/Plaintiff,**

 **VS.**

**MICHAEL CHERTOFF, Secretary,**
**Department of Homeland Security;**

**JULIE L. MYERS,**
**Assistant Secretary, Immigration and Customs Enforcement;**

**JOHN P. TORRES,**
**Acting Director, Office of Detention and Removal,**

**MARY LOISELLE,**
**Field Office Director,**
**Washington Office of Detention and Removal,**

**Respondents/Defendants**

### ORDER TO SHOW CAUSE

Upon this petition for a writ of habeas corpus filed herein, it is ORDERED, this ____ day of _____, ____ by the United States District Court for the District of Columbia, that the respondent show cause, if any he may have, on or before the ____ day of _____, _____, why a writ of habeas corpus should not be issued as prayed.

IT IS FURTHER ORDERED that during the pendency of this proceeding the respondent be, and he hereby is, restrained from removing the petitioner from the jurisdiction of this Court and that Petitioner be released under reasonable conditions to assure that he remains in this Court's jurisdiction.

IT IS FURTHER ORDERED that the respondent serve on the petitioner's counsel by mail a copy of the answer to this petition.

The Clerk is directed to furnish the petitioner with a copy of the applicable rules and a copy of the petition for the purpose of making such service.

_____
United States District Judge
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**


**XI CHEN,**
**A 73 134 421**                                                    **Civil Action No.**

    **Petitioner/Plaintiff,**

  **VS.**

**MICHAEL CHERTOFF, et al.**

## AFFIDAVIT OF SERVICE

I, Regina Y. Kane, hereby declare that on the _____ of April 2006, I mailed a copy of the summons and complaint, certified mail return receipt requested, to _____ . Attached hereto is the green card acknowledging service.

_____
Regina Y. Kane
Law Office of Regina Y. Kane
1717 K Street, NW Suite 600
Washington, D.C. 20036
202 349-3971 Office
District of Columbia Bar No. 486128