UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XI CHEN, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | Civil Action No. 06-686(RBW) |
| : | |
| MICHAEL CHERTOFF, Secretary, : | |
| Department of Homeland Security, et. al., : | |
| Respondents : | |

**UNITED STATES' MOTION TO DISMISS PETITIONER'S PETITION FOR
A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY
RELIEF (WITH TEMPORARY RESTRAINING ORDER)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to dismiss the petitioner's petition for writ of habeas corpus and complaint for declaratory relief (with temporary restraining order) or, in the alternative, to transfer the petitioner's petition for a writ of habeas corpus and complaint for declaratory relief (with temporary restraining order), to the U.S. District Court for the Eastern District of Virginia. In support of this motion, the United States submits the following:

**ARGUMENT**

I.  **This Court Should Dismiss the Habeas Petition and Complaint for Declaratory Relief For Lack of Subject Matter Jurisdiction Pursuant to the Recently Enacted Real ID Act**

The petitioner, an alien detainee, has moved this Court to issue a writ of habeas corpus and to enjoin his removal from the United States. While the petitioner couches his complaint in terms of challenging his detention, in actuality, the petitioner is challenging the constitutionality of an exclusion order issued by the Department of Homeland Security, the proceedings relating

1

thereto and the lawfulness of his removal. This Court should dismiss the petition for writ of habeas corpus and complaint for declaratory relief (with temporary restraining order) for lack of subject matter jurisdiction under Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005) ["RIDA"], codified at 8 U.S.C. § 1252.[1]

On May 11, 2005, the President signed RIDA into law. Section 106(a) of RIDA makes several significant amendments to the Immigration and Nationality Act's jurisdictional statute at 8 U.S.C. § 1252 (2000), to clarify that district courts lack jurisdiction, habeas or otherwise, to review any removal order for any alien, criminal or non-criminal. As a result, § 1252, which the Supreme Court in INS v. St. Cyr, 533 U.S. 289 (2001), found to preclude "judicial review" over criminal aliens' removal orders, but not to preclude "habeas review" in district court, now clearly

---

[1] RIDA § 106 does not preclude habeas corpus review of an alien's challenge to his detention that is independent from any challenge to the removal order. 151 Cong. Rec. H2813, 2873 ("section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders."). For example, district courts retain habeas jurisdiction over challenges to the mandatory detention statute, see DeMore v. Kim, 538 U.S. 510, 516-17 (2003), and over claims of indefinite detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). However, it is clear that the petitioner is not contesting the duration of his custody. According to the petitioner's petition, the petitioner was taken into custody on April 10, 2006. Under INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), the respondents are entitled to a 90 day period within which to remove an alien from the United States, during which time detention is mandatory. Additionally, in Zadvydas, 533 U.S. at 689, the Supreme Court held that, beyond those 90 days, the government in entitled to "a period reasonably necessary to bring about the alien's removal from the United States." In determining what is a reasonable removal period, the Court adopted "for the sake of uniform administration in the federal courts," a presumptively reasonable period of detention of six months. Id. at 701. Given the short period of time the petitioner has been in custody, it is evident that the petitioner is in reality challenging the legality of his exclusion order and not the constitutionality of his continued detention. See Badereddine v. Chertoff, 2006 WL 932348, *2 (D.N.J. April 10, 2006) (petitioner's contention that his detention was unlawful because it was premised on invalid removal order rather than contending the length of his detention was unreasonable or that the conditions of his confinement were inhumane was not independent of the removal order and thus district court did not have jurisdiction); Brempong v. Chertoff, 2006 WL 618106, *6 (D. Conn. March 10, 2006) (challenge to detention is not independent of removal order because removal order is the basis of the detention and thus district court did not have habeas jurisdiction).

preludes <u>all</u> review in district court, including habeas corpus review of criminal <u>and</u> non-criminal aliens' removal orders. Specifically, Section 106(a)(2) amended 8 U.S.C. § 1252(b)(9), which now states as follows:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in the judicial review of a final order under this section. <u>Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.</u>

<u>Id</u>. (emphasis added). Thus, district courts no longer retain habeas jurisdiction to review removal orders under 28 U.S.C. § 2241 or any other provision of law. <u>See</u> 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., <u>available at</u> 2005 WL 1025891 (May 3, 2005) (stating that the amendment to Section 242(b)(9) of the INA is intended to "clarify that, except as otherwise provided in section 242 of the INA, no court is to have jurisdiction for habeas review or other non-direct judicial review of a removal order or questions of law or facts arising from such an order").

In order to make this point absolutely clear, Congress also enacted new Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), <u>as amended by</u> RIDA § 106(a). This provision, which is entitled "Exclusive Means of Review," states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), <u>including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,</u> and except as provided in subparagraph (D), a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . ."

8 U.S.C. § 1252(a)(5) (emphasis added); <u>see also</u> 8 U.S.C. § 1252(g), <u>as amended by RIDA</u> § 106(a) (making clear that 242(g)'s jurisdictional bar precludes habeas review and any other

3

review in district court).  Subparagraph (D), to which § 1252(a)(5) refers, is also a new section created by RIDA which provides that no jurisdiction-precluding statute "shall be construed as precluding review of constitutional claims or questions of law raised in a petition for review filed with the appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  Accordingly, Congress has provided that the only available review over removal orders of aliens  is review over "constitutional claims or questions of law" filed through a petition for review in the courts of appeals.

In sum, by enacting Section 106(a) of RIDA, Congress clearly responded to the Supreme Court's decision in St. Cyr by clarifying that district courts lack jurisdiction over removal orders, through habeas corpus or otherwise.  151 Cong. Rec. H2813, 2872-873 (stating that jurisdictional amendments were in response to Supreme Court's decision in St. Cyr by making Congress' intent clear that there is no review in district court over removal orders).   At the same time, Congress created an alternative remedy in the courts of appeals that enables all aliens, including criminal aliens, to obtain review of constitutional claims and "questions of law" through petitions for review filed in the courts of appeals.  See St. Cyr, 533 U.S. at 314 & n.38 ("Congress could, without raising any constitutional questions, provide an adequate substitute through the courts of appeals"); see also 151 Cong. Rec. H2813, 2873; Enwonwu v. Gonzales, 438 F.3d 22, 33 (1st Cir. 2006) ("Congress has eliminated habeas review as to most types of immigration claims."); Ramirez-Molina v. Ziglar, 436 F.3d 508, 512 (5th Cir. 2006) ("The REAL ID Act thus supplies, in this context, the 'clear statement of congressional intent to repeal habeas jurisdiction' that the St. Cyr Court found lacking."); Gittens v. Menifee, 428 F.3d 382, 383 (2nd Cir. 2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal . . .'"); Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The plain language of these

amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to the enactment of the REAL ID Act. . . . Congress now has definitely eliminated any provision for jurisdiction.").

Finally, Congress made these amendments effective immediately and applicable to any "final administrative order of removal, deportation, or exclusion" that was "issued before, on, or after the date of enactment of this division." RIDA § 106(b) (emphasis added). Accordingly, Section 106(a)'s amendments apply to the petitioner's case because he seeks habeas review of his exclusion order which was "issued before . . . the date of enactment" of RIDA. Furthermore, because the petitioner filed his habeas petition on April 14, 2006, after the date of RIDA's enactment, it is not subject to transfer to appropriate court of appeals.[2] Cf. RIDA § 106(c) (providing for the transfer of habeas petitions to the courts of appeals if such petitions were pending on the date that RIDA was enacted and challenged the removal order under 28 U.S.C. § 2241); Tostado v. Carlson, 437 F.3d 706, 708 (8th Cir. 2006) ("[A]ny habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals."); Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) ("[T]he Act makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."). Thus, the petition for writ of habeas corpus and complaint for declaratory relief (with temporary restraining order) should be dismissed for lack of subject matter jurisdiction. See Placide v. Gonzales, 2005 WL 1429750, * 2 (D.D.C. June 17, 2005)

---

[2] The petitioner indicated in his petition that his final exclusion order was issued in September 20, 1994. If new facts or claims arise after the filing deadline has passed, an alien's remedy is to file a motion to reopen with the Board of Immigration Appeals.

(REAL ID Act stripped district court of habeas jurisdiction to review removal orders).[3]

Furthermore, to the extent that the petitioner asks this Court to enjoin the Department of Homeland Security from deporting him, that claim is barred by INA § 242(g), 8 U.S.C. § 1252(g), which precludes review over any cause or claim arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.[4]  In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999) ("AADC"), the Supreme Court held that INA § 242(g) divested the district court of jurisdiction to review the aliens' selective-enforcement claims because those claims attacked the Attorney General's discretion to commence immigration proceedings. The Supreme Court reasoned that by precluding district court review of the decision or action of the Attorney General to

---

[3] For the same reason, the additional jurisdictional grounds cited by the petitioner do not provide independent jurisdiction grounds in this case and the petitioner's request for declaratory judgment should be denied. The REAL ID Act expressly precludes jurisdiction in District Court. See 8 U.S.C. § 1252(b)(9) (no jurisdiction under 28 U.S.C. §§ 1361, 1651, 2241 or by "any other provision of law (statutory or nonstatutory)"); Ginters v. Cangemi, 2006 WL 549424 (D. Minn. March 7, 2006) (REAL ID Act divests district court of jurisdiction over request for declaratory judgment; Declaratory Judgment Act is a "procedural statute not a jurisdictional statute"); Ortega v. Gonzalez, 2005 WL 1523783, *1(E.D.N.Y. June 28, 2005) ("Lacking jurisdiction over [petitioner's] core claims, this court also declines to exercise jurisdiction over [petitioner's] declaratory judgment claim and request for a writ of mandamus."); see also Alvarez-Zavala, v. INS, 2004 WL 420020, *1-2 (N.D.Tex. Feb. 19, 2004) (Section 1331 is a general jurisdictional statute and provides no independent basis for jurisdiction; All Writs Act does not confer an independent basis for subject matter jurisdiction; Declaratory Judgment Act is also not an independent basis of federal jurisdiction), adopted by 2004 WL 925365 (N.D.Tex. March 12, 2004).

[4] Section 242(g) provides:
(g) EXCLUSIVE JURISDICTION.  Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. 8 U.S.C. § 1252(g), as amended by REAL ID Act § 106(a) (emphasis added).

"commence proceedings, adjudicate cases and execute removal orders," Congress was aiming to preserve the Executive's discretion at "various stages in the deportation process." Id. at 483; see also id. at 945 ("Of course many provisions of IIRIRA are aimed at protecting the Executive's discretion from the courts -- indeed that can fairly be said to be the theme of the legislation.").

The petitioner's attempt to enjoin the execution of his 1994 exclusion order clearly falls within the "execute removal orders" language of § 1252(g). See, e.g., Sharif ex rel. Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002) (holding that "[a] request for a stay of removal 'arises from' the Attorney General's decision (reflected by the bag-and-baggage letter) to execute a removal order" and therefore falls within his discretionary authority to execute a removal order which is protected by § 1252(g)'s review bar); Mapoy v. Carroll, 185 F.3d 224, 230 (4th Cir. 1999) (reversing the district court in finding that it lacked jurisdiction to enjoin the execution of a removal order), cert. denied, 529 U.S. 1018 (2000); Monegro-Nunez v. Gonzales, 2006 WL 1147254, *1-2 (E.D. Pa. April 26, 2006) (where petitioner was in detention pursuant to removal order, petitioner's challenge to detention was challenge to execution of removal order and was barred by § 1252(g)). As such, the petitioner's request to enjoin his removal is precluded by § 1252(g).

This argument is further bolstered by Congress' enactment of the REAL ID Act in 2005. Along with REAL ID Act's other amendments summarized above, Congress amended Section 242(g) of the INS to make it perfectly clear that district court lacks jurisdiction, habeas, mandamus, or otherwise, to review the Attorney General's decision to execute a removal order. It did so by expressly precluding judicial review of such an action. See 8 U.S.C. § 1252(g) ("notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28 [habeas], United States Code, or any other habeas corpus provision, and sections 1361

[mandamus] and 1651 [All Writs Act] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . .execute removal orders against any alien under this chapter"). Accordingly, it is clear that the Court lacks jurisdiction over the petitioner's challenge to the legality of his removal and his request to enjoin his removal.[5]

## II.    Even if the Court Has Subject Matter Jurisdiction, the Petition Should Be Transferred Because of Lack of Personal Jurisdiction

Even if the Court has subject matter jurisdiction, the Court does not have personal jurisdiction over the proper respondent in this case. The petitioner has styled his pleading as a petition for a writ of habeas corpus, and specifically relies upon 28 U.S.C. § 2241 as the basis for this Court's jurisdiction. Nevertheless, the petitioner's habeas corpus action and motion for stay cannot be brought in the District of Columbia, because the Court lacks personal jurisdiction over the "person having custody of the person detained" as required by 28 U.S.C. § 2243. The petitioner is presently confined at the Piedmont Regional Jail in Farmville, Virginia and was located in the Eastern District of Virginia at the time he filed his petition. Accordingly, if this Court determines that it has subject matter jurisdiction over the petitioner's claims or the Court concludes that the petitioner's claim of illegal detention is independent of his attack on his exclusion order, this Court should transfer the petitioner's petition to the U.S. District Court for the Eastern District of Virginia, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden

---

[5]While the petitioner requests a temporary restraining order enjoining the execution of the exclusion order in order to pursue his adjustment of status, the petitioner does not assert and government counsel has found no record indicating that the petitioner has actually filed an "application of adjustment" or a motion to re-open his exclusion proceedings with the appropriate IJ since 2004 when his wife gained permanent resident status.

of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S.Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C. Cir. 1988) (en banc) (it is well "settled circuit law" that the immediate custodian, not the Attorney General or other federal officials with the power to effectuate petitioner's release, is the only proper respondent in a habeas petition); Guerra v. Meese, 786 F.2d 414, 415-16 (D.C. Cir. 1986) (challenge to "custody" must be brought against petitioner's immediate, on-site custodian, rather than a supervisory official located in another district); Placide v. Gonzalez, supra, 2005 WL 1429750 , *2 (alien's challenge to his physical detention must be brought against the immediate custodian); Qiang v. INS, 2006 WL 1026710, *1 (E.D.N.Y. April 12, 2006) (petitioner's challenge to his continued detention after eight months while awaiting removal must be brought in the district of confinement).[6] Accordingly, this Court should transfer the petitioner's petition to the Eastern District of Virginia, after giving the petitioner notice of the

---

[6] In Padilla, supra, the Supreme Court declined to resolve the issue of whether the Attorney General is a proper respondent in a habeas petition filed by an alien detained pending deportation, but noted that the majority of circuit courts of appeal have applied the immediate custodian rule and held that the Attorney General is not a proper respondent. 124 S.Ct. at 2718 n. 8. See, e.g., Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673-74 (7th Cir. 2003) (Attorney General is not a proper respondent); Roman v. Ashcroft, 340 F.3d 314, 323-26 (6th Cir. 2003) (absent extraordinary circumstances, Attorney General is not proper respondent); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same), cert. denied, 534 U.S. 816 (2001); Yi v. Maugans, 24 F.3d 500, 508 (3rd Cir. 1994) (Attorney General is not a proper respondent); Ozoanya v. Reno, 968 F.Supp. 1, 8 (D.D.C. 1997) (proper respondent was the district INS director in Louisiana, not the Attorney General); but see Armentero v. INS, 340 F.3d 1058, 1073 (9th Cir. 2003) (Attorney General is proper respondent), opinion withdrawn pending further argument, 382 F.3d 1153 (9th Cir. 2004), dismissed on other grounds, 412 F.3d 1088 (9thCir. 2005).

proposed action and an opportunity to be heard on the issue. See <u>Chapman-Bey v. Thornburgh</u>, <u>supra</u>, 864 F.2d at 814 (prior to transfer, court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

Because this Court does not have personal jurisdiction over the petitioner's custodian, it likewise lacks jurisdiction to order that same custodian not to remove the petitioner pending a decision on the merits of the petition. See <u>Puamau v. Still</u>, 2005 WL 2988733, *2 (N.D. Cal. November 7, 2005) ("Because the Court lacks jurisdiction to review the merits of petitioner's challenges to the exclusion and deportation order, the Court also lacks jurisdiction to review petitioner's request for a stay of deportation."); <u>Michael v. INS</u>, 870 F.Supp. 44, 47 (S.D.N.Y. 1994) (Court ordered petition transferred forthwith given the Court lacked personal jurisdiction and no stay had been issued); <u>but see</u> <u>Ozoanya v. Reno</u>, 968 F.Supp. 1, 8 (D.D.C. 1997) (stay granted until final resolution of petition in transferee court). Moreover, under Section 106(a) of the Real ID Act, district courts lack jurisdiction to stay removal orders because review of such orders must be filed in the appropriate court of appeals. See 8 U.S.C. §1252(b)(3)(B) (providing that the only court permitted to issue stay of removal is the court that will issue a "decision on the petition [for review]").

## **CONCLUSION**

For the above reasons, the petitioner's motion for a writ of habeas corpus and complaint for declaratory relief (with temporary restraining order) should be dismissed or, in the alternative, should be transferred to the U.S. District Court for the Eastern District of Virginia, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451-058

        /s/ Robert D. Okun
        ROBERT D. OKUN
        Assistant United States Attorney
        Chief, Special Proceedings Section
        D.C. Bar Number 457-078

        /s/ Sherri L. Berthrong
        SHERRI L. BERTHRONG
        Assistant United States Attorney
        Special Proceedings Section
        D.C. Bar No. 249-136
        Sherri.Berthrong@usdoj.gov
        555 4th Street, N.W., Room 10-450
        Washington, D.C. 20530
        (202) 514-6948

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the instant motion has been electronically with the Court this 9th day of May, 2006.

        /s/ Sherri L. Berthrong
        Sherri L. Berthrong
        Assistant United States Attorney